**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NAIL ISSA EL KHATIB** | **CASE NO. 1:26-CV-02199 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a PETITION and AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Docs. 1, 6] filed by Petitioner Nail Issa El Khatib ("El Khatib"). At the time of filing, El Khatib was an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. El Khatib challenges the legality of his continued detention.

El Khatib is a native and citizen of Venezuela who is subject to a final order of removal. [Doc. 6]. According to the online detainee locator service, El Khatib is no longer detained.[1] Court staff verified the online information—El Khatib has been deported.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened

---

[1] https://locator.ice.gov/odls/#/results

with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Accordingly, IT IS RECOMMENDED that the PETITION AND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Docs. 1, 6] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 17th day of September, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE